UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| QUICK CONNECTORS, INC. § | |
| PLAINTIFF § | |
| § | |
| VS. § | |
| § | Civil Action No. _____ |
| AHOW TECHNOLOGIES-USA, LLC § | |
| PINNACLE EQUIPMENT § | |
| INTERNATIONAL, LLC § | |
| DEFENDANTS § | |

**COMPLAINT FOR PATENT INFRINGEMENT
AND UNFAIR COMPETITION UNDER 15 USC §1125(a)**

1. This action arises under 35 USC § 271 and this court has jurisdiction under 28 USC § 1338.

2. Quick Connectors, Inc. ("QCI") is a Texas corporation and has its principal place of business in Houston, Harris County, Texas.

3. Venue is proper in this court under 28 USC § 1400.

4. Ahow Technologies-USA, LLC ("Ahow Technologies") is a Texas limited liability company and may be served through its registered agent, Yaneth C. Ibarra, at 19726 Shallow Shaft Lane, Richmond, Texas 77407-4100.

5. Pinnacle Equipment International, LLC ("Pinnacle") is a Texas limited liability company and may be served through its registered agent, Rory Ray, at 1726 Augusta, Suite 112, Houston, Texas 77057.

6. United States Patent No. 5,762,135 (attached hereto as Exhibit A), entitled "Underground Well Electrical Cable Transition, Seal and Method" was filed on April 16, 1996 and issued June 9, 1998 to Boyd B. Moore and assigned to QCI. United States Patent No. 6,202,743 (attached hereto as Exhibit B), entitled "Underground Well Electrical Cable

1

Transition with Seals and Drain" was filed on January 21, 1998, and issued on March 20, 2001 to Boyd B. Moore and assigned to QCI. QCI owns and has owned each patent throughout the period of Ahow Technologies' and Pinnacle's infringing uses and sales.

7.   Ahow Technologies has infringed and is still infringing QCI's Letters Patent by making, selling, and using underground well electrical cable transitions and seals as described in the brochure extracts (attached hereto as Exhibit C), and will continue to do so unless enjoined by this court.

8.   Pinnacle has infringed and is still infringing QCI's Letters Patent by making, selling, and using underground well electrical cable transitions and seals as described in the brochure extracts (attached hereto as Exhibit D), and will continue to do so unless enjoined by this court.

9.   QCI has complied with the statutory requirement of placing a notice of the Letters Patent on all underground well electrical cable transitions and seals, its advertising, or the packaging in which they are delivered, and has given both Ahow Technologies and Pinnacle written notice of its infringement.

## CAUSE OF ACTION FOR VIOLATION OF 15 U.S.C. § 1125(a)

10.   This is a complaint for false comparative advertising arising under 43(a) of the Lanham Act, 15 U.S.C. §1125(a) and for injury to QCI caused by the false and misleading advertising intentionally published to the trade by Ahow Technologies.

11.   This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12.   This Court has personal jurisdiction over Ahow Technologies because it is doing business in Texas and, upon information and belief, offering for sale or selling into the State

of Texas on a regular basis using the false and misleading advertising to mislead users of QCI's products. Venue is proper in this district under 28 U.S.C. §§ 1391(a) and (c)(3) because defendant is domiciled in Texas while doing business in the State of Texas in direct competition with QCI.

13. The representations made by the Defendant Ahow Technologies' sales brochure (attached hereto as Exhibit D) are either inherently false or intended to mislead and deceive the prospective purchasers of QCI's and Ahow Technologies' penetrator seal systems. Specifically, Ahow Technologies uses the "UL" listing logo as a certification of quality assurance in its advertising when it is, upon information and belief, not registered or approved by UL. Moreover, Ahow Technologies is using the API Monogram on several pages of its advertising, when Ahow Technologies is not licensed or approved to use the API Monogram, another certification, in the sale of its products. The unauthorized and improper use of these two approval marks puts QCI at a competitive disadvantage in the minds of the prospective purchasers of its products.

14. The advertising brochures as attached are being distributed to the trade and are likely to damage QCI's reputation and interest in the penetrator trade, and therefore QCI is entitled to a preliminary injunction prohibiting Ahow Technologies from continuing to use these false and misleading brochures in their trade or business. This advertising campaign has been intentionally started to divert potential buyers of QCI's penetrator business and warrants this court find the action of the Ahow Technologies intentional, exceptional and award QCI its costs and reasonable attorney's fees for bringing this action.

Therefore, Quick Connectors, Inc. demands:

(a) A preliminary and final injunction against the continuing patent infringement against Ahow Technologies-USA, LLC, and Pinnacle Equipment International, LLC, and their agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by, through or under authority from each, and each of them be preliminarily and permanently enjoined from infringing any claims of U.S. Patent No. 5,762,135 or U.S. Patent No. 6,202,743;

(b) An accounting for damages;

(c) Interest and costs; and

(d) If the court should find the infringement willful, award QCI its attorney's fees for pursuing this action.

(e) Ahow Technologies-USA, LLC, and its agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by, through or under authority from each, and each of them be preliminarily and permanently enjoined from using any false or misleading advertising when describing Ahow Technologies' products as having either UL listing or an API Monogram, when neither of which is true.

(f) Ahow Techologies-USA, LLC, be required to file with the Court and serve on QCI within thirty (30) days after entry of the Injunction, a report in writing under oath setting forth in detail the manner and form in which Ahow Techologies has complied with the Injunction.

(g) Pursuant to 15 U.S.C. § 1117, Ahow Technologies-USA, LLC, be held liable for all damages suffered by QCI resulting from the acts alleged herein.

(h) Pursuant to 15 U.S.C. § 1117, Ahow Technologies-USA, LLC be compelled to account to QCI for any and all profits derived by them from their illegal acts complained of herein.

(i)  Defendant be ordered pursuant to 15 U.S.C §1118 to deliver up for destruction all material containing any of the false advertising for its products, as well as all plates, matrices, masters or other means for making the same.

(j)  For damages to which QCI may show itself entitled.

(k) For other such remedies and relief to which QCI may show itself entitled.

|  |  |
|---|---|
| | Respectfully submitted, |
| | The Dickinson Law Offices |
| Mailing Address: | 5236 Brittmoore |
| P.O. Box 801619 | Houston, Texas 77041 |
| Houston, Texas 77280 | 713-856-5825 (tel) |
| | 713-481-2691 (fax) |
| | |
| | /David B. Dickinson/ |
| | David B. Dickinson, SBOT#05833800 |
| | SD Reg. No. 01238 |
| | Lead Attorney for Plaintiff |